42 N.J. Super. 327 (1956)
126 A.2d 389
BOTANY MILLS, INC., A CORPORATION, PLAINTIFF,
v.
TEXTILE WORKERS UNION OF AMERICA, AFL-CIO AND FRANK CUCCIO, MANAGER OF PASSAIC JOINT BOARD OF TEXTILE WORKERS UNION OF AMERICA, AFL-CIO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided August 14, 1956.
*328 Messrs. Bilder, Bilder & Kaufman (Mr. Nathan Bilder and Mr. Walter J. Bilder, appearing) and Messrs. Wolf, Block, Schorr & Solis-Cohen (Mr. Joseph Brandschain, appearing) (of the Pennsylvania Bar), attorneys for plaintiff.
Messrs. Kapelsohn, Lerner, Leuchter & Reitman (Mr. Sidney Reitman, appearing), attorneys for defendants.
GRIMSHAW, J.S.C.
On April 14, 1954, plaintiff company and the defendant union executed a collective bargaining agreement, which by its terms was to expire on March 15, 1956. The agreement provided for vacation pay for employees. The provision for vacation pay was in the following language:
"ARTICLE VI. Vacation and Vacation Pay.
Each employee in the employ of the Employer on each April 15th hereafter during the life of this agreement who has been in its employ at least one (1) year prior thereto but less than three (3) years, shall hereafter receive a vacation of one (1) week with pay as hereinafter set forth at a time to be set by the Employer; each employee in the employ of the Employer on each April 15th hereafter during the life of this agreement who has been in its employ at least three (3) years prior thereto but less than five (5) years, shall hereafter receive a vacation of one (1) week with pay as hereinafter set forth at a time to be set by the Employer; and each employee in the employ of the Employer on each April 15th hereafter who has been in its employ for five (5) years or more prior thereto, shall receive a vacation of two (2) weeks with pay as hereinafter set forth."
The contract also contained an arbitration provision as follows:
*329 "ARTICLE IX. Arbitration.
Any differences or dispute between the parties whether or not a grievance, which is not satisfactorily adjusted under the preceding applicable provisions of this agreement, shall be promptly referred to arbitration, at the request of either party hereto. The arbitrator shall hear the matter expeditiously and render his decision which shall be final and conclusively binding upon the parties hereto.
The arbitrator shall have no jurisdiction or authority to add to, subtract from, modify or alter any of the terms of this agreement; nor shall the arbitrator have jurisdiction or authority to affect, rule upon, or grant any extension or renewal of this agreement.
The compensation and expenses of the arbitrator shall be borne equally by the Union and the Employer.
The arbitrator to hear and decide all questions submitted to arbitration under this agreement shall be David L. Cole, or such other arbitrator as the parties hereto may mutually agree upon from time to time."
On December 31, 1955, the company discontinued its manufacturing operation, sold its machinery and terminated the employment of most of the employees covered by the agreement. On January 9, 1956, the company notified the union that it was terminating the contract on March 15, in accordance with its provisions.
Thereafter, the union asserted a claim for vacation pay on behalf of the employees of the plaintiff, who had theretofore been released. On April 3, 1956 the union informed the arbitrator of its desire for a hearing on the matter of vacation pay. The arbitrator set May 25, 1956 as the date for the hearing. On May 11, the company notified the arbitrator that it considered that his jurisdiction had ended on March 15, and that its representatives would attend the hearing only under protest.
On the date of the hearing the company appeared by its representatives and registered a formal objection to the jurisdiction of the arbitrator on the ground that (1) the contract had been terminated, and (2) the claims for vacation pay were for a period subsequent to the end of the contract. The arbitrator overruled the company contention, held a hearing and made an interim award of vacation pay. He set June 22, 1956 as the time for the final hearing. Thereafter the company applied to this court for injunctive relief.
*330 In Standard Oil Development Co. Employees Union v. Esso Research, etc., Co., 38 N.J. Super. 106 (App. Div. 1955), Judge Francis discussed the function of the court in matters of this kind as follows:
"The function of the courts is to determine whether there is a bona fide dispute as to meaning. The purpose of interpretation is to discover meaning. If the significance of the language is clear, then the allegation of a contrary meaning is frivolous and without legal consequence. On the other hand, if the language employed is reasonably susceptible of more than one import or if certain sections of the agreement may be said reasonably to be ambiguous when considered in relation to each other, or if it is fairly arguable that clauses apparently pertaining to the same subject matter are in conflict, then the dispute must be referred to arbitration.
A further word of caution and explanation should be said as to the nature of the judicial intervention. The reluctance of the courts to sanction the arbitration process is a relic of the past. Now it is recognized as an integral part of our economic life and welcomed as a practical and expeditious means of disposition of industrial disputes. Consequently, when an agreement has been made between management and labor for the regulation of wages, hours and conditions of employment, and as an incident thereof they have stipulated to resort to arbitration in the event of dispute as to the interpretation of language employed therein, the judiciary will study the nature of the dispute with the utmost liberality and freely exercise the power authorized by the Legislature (N.J.S. 2A:24-3, supra) to compel arbitration in order to effectuate the practical purpose of the signatories.
It is not our intention to express the view that before the parties will be ordered to the forum of arbitration, the judicial mind must find merit in an asserted interpretation. The test being expounded is that arbitration will be directed when it appears to the mind of the ordinary layman that the particular language involved is reasonably open to the connotation contended for. If the contention proposed is such that no ordinary layman, acting in good faith, would seriously advance it, then our statutory power will not be exercised."
The fact that the contract expired does not affect the right of the employee to seek enforcement of benefits which accrued during the life of the contract. Owens v. Press Publishing Co., 20 N.J. 537 (1956). But in this case the right to vacation pay did not accrue during the life of the contract. Under Article VI of the collective bargaining agreement, no employee was entitled to vacation *331 pay unless he was in the employ of the company on April 15. No employee represented by the defendant union can qualify under that provision and it is not within the power of an arbitrator or the court to rewrite the contract. Textile Workers' Union of America, Congress of Industrial Organization v. Firestone Plastics, etc., Co., 6 N.J. Super. 235 (App. Div. 1950), certification denied 4 N.J. 515 (1950).
In my opinion there is no arbitrable dispute. Therefore, an interlocutory injunction will be granted.