44 N.J. Super. 504 (1957)
130 A.2d 900
BOTANY MILLS, INC., A CORPORATION, PLAINTIFF,
v.
TEXTILE WORKERS UNION OF AMERICA, AFL-CIO AND FRANK CUCCIO, MANAGER OF PASSAIC JOINT BOARD OF TEXTILE WORKERS UNION OF AMERICA, AFL-CIO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 12, 1957.
*505 Messrs. Bilder, Bilder & Freeman and Messrs. Wolf, Block, Schorr & Solis-Cohen (of the Pennsylvania Bar), Mr. Joseph Brandschain, attorneys for plaintiff.
Messrs. Kapelsohn, Lerner, Leuchter & Reitman (Mr. Sidney Reitman, appearing), attorneys for defendants.
GRIMSHAW, J.S.C.
Following the application for an interlocutory injunction in the above-entitled matter, I filed a memorandum which appeared in 42 N.J. Super. 327. I there expressed the view that there was no arbitrable dispute between the parties. I am still of that opinion.
The contract, which was executed on April 14, 1954, expired March 15, 1956. It was neither renewed nor extended.
As has already been noted, the contract provided in Article VI that every employee in the employ of the employer on each April 15 during the life of the agreement, and who possessed certain other qualifications which need not now concern us, would be entitled to the vacation *506 benefits. In accordance with the contract provision, vacation pay was granted to those employees who were in the employ of the company on April 15, 1954 and April 15, 1955, respectively, and who possessed the other qualifications. The defendants insist, however, that they are entitled to vacation pay for the year 1956. In my opinion the claim is without merit.
I am prepared to concede that the employment status of the defendants on April 15, 1956 was a debatable issue and, therefore, a proper subject for arbitration. But the concession cannot advance the defendants' cause, because on April 15, 1956 the contract had expired.
It seems to me to be beyond dispute that the parties intended that vacation benefits should be paid only during the life of the contract. To hold otherwise one would be compelled to disregard the plain language of that document. I have no doubt that the parties, when negotiating the contract, had the expectation that upon the expiration of that contract there would be a new one or an extension of the old one. They failed to anticipate the state of affairs which actually came to pass and did not provide for it. Had a new contract been negotiated containing more generous vacation benefits I am quite sure these defendants would not contend that the vacation benefits contained in the old contract were to apply in the year 1956.
I find no arbitrable dispute between the parties. Therefore, there will be judgment for the plaintiff.